United States District Court
Southern District of Texas
**ENTERED**
December 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER K. HENDRIX, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 23-3316 |
| CLAYTON CLARK, *et al.*, | § § § | |
| Defendant. | § § § § | |

**MEMORANDUM AND OPINION**

The plaintiff, Jennifer Hendrix, has sued three law firms and several attorneys[1] that represented her in multi-district litigation involving defective transvaginal mesh products. (Docket Entry No. 29). Hendrix chose to participate in a Master Settlement Agreement executed with Ethicon, the company that manufactured her transvaginal mesh product. (Docket Entry No. 36-23). Hendrix accepted two separate payouts as a part of that settlement. (*Id.*) Years later, she sued the law firms who represented her, claiming that the settlement was unfair. She asserts breach of contract, breach of fiduciary duty, fraudulent concealment, and civil conspiracy against all the lawyers and law firms and seeks additional damages. (Docket Entry No. 29).

Clark, Love & Hutson, G.P., along with attorneys Clayton Clark, Scott Love, and Shelley Hutson, moved for summary judgment arguing, among other things, that Hendrix's claims are time-barred. (Docket Entry No. 36). The Lee Murphy Law Firm, G.P., along with attorneys James Lee and Erin Murphy, joined that motion and filed their own motion generally making the same

---

[1] The attorneys are Clayton Clark, Scott Love, Shelley Hutson, James Lee, and Erin Murphy. The law firms are Clark, Love & Hutson, G.P.; Lee Murphy Law Firm, G.P.; The Cracken Law Firm, P.C.; and Martin Phipps, PLLC. (Docket Entry No. 29 at 1–2).

arguments. (Docket Entry No. 38). The Cracken Law Firm joined both other summary judgment motions as well as filing its own, which also generally made the same arguments. (Docket Entry No. 40). One defendant—Martin Phipps, PLLC—did not file a motion for summary judgment. Hendrix responded to all three motions. (Docket Entry Nos. 41, 43).[2]

Hendrix's response stated that she does not oppose summary judgment for The Cracken Law Firm. (Docket Entry No. 43). The Cracken Law Firm's motion for summary judgment, (Docket Entry No. 40), is granted.

Because Hendrix's claims are time-barred, the opposed motions for summary judgment, (Docket Entry Nos. 36, 38), are also granted. Because the record reveals that there are no meaningful differences between the parties moving for summary judgment and Martin Phipps, PLLC, and because Hendrix has thoroughly addressed the issues as to all the defendants, the court also grants summary judgment to Martin Phipps, PLLC.[3] The reasons for these rulings are explained below.

I.   **Background**

Hendrix underwent surgery in 2005 to implant a transvaginal mesh device manufactured by Ethicon. (Docket Entry No. 29 at 2); (Docket Entry No. 36-14 at 4). She subsequently experienced severe side effects, including developing a painful condition called Pudendal Neuralgia. (Docket Entry No. 29 at 2). In October 2013, Hendrix hired the law-firm defendants to represent her in the transvaginal mesh litigation against Ethicon. (Docket Entry No. 36-10). The litigation against manufacturers of transvaginal mesh "was one of the largest mass tort actions

---

[2] In ruling on the motions for summary judgment, the court considered the arguments raised in Hendrix's response that she filed after the deadline. (*See* Docket Entry No. 43). Hendrix's motion for extension of time to file a response, (Docket Entry No. 42), is accordingly granted.
[3] Because all claims against all defendants are dismissed, the motion to reset deadlines, (Docket Entry No. 53), is dismissed as moot.

in the last decade," involving "thousands of plaintiffs, multiple defendants, and hundreds of law firms" engaged in federal multi-district litigation and multiple class action lawsuits. *Alvarado v. Clark, Love & Hutson, G.P.*, No. 4:19-CV-2148, 2021 WL 1428477, at *1 (S.D. Tex. Apr. 15, 2021).

In November 2015, Clark, Love & Hutson, G.P. informed Hendrix that Ethicon had agreed to resolve 2,900 claims—including hers—through a court-administered settlement process conducted under a court-appointed Special Master. (Docket Entry No. 36-16). The settlement proceedings were conducted in state court in Wharton County, Texas. (*See* Docket Entry No. 36-17). The Special Master filed its Report and Recommendation in September 2016, (Docket Entry No. 36-20), and the state court approved the Recommendation. (Docket Entry No. 36-21 at 12).

In October 2016, Clark, Love & Hutson, G.P. sent Hendrix the court-approved Disclosure Letter with information about the group settlement. (Docket Entry No. 36-22). On November 18, 2016, Hendrix signed a Disclosure Letter Acknowledgment stating that, after having an opportunity to confer with independent counsel, she agreed to accept the settlement offer described in the Disclosure Letter. (Docket Entry No. 36-23 at 1). Approximately two weeks later, she signed a General and Absolute Release, accepted the settlement money, and released all her claims against Ethicon. (*Id.* at 2–9).

The court approved Hendrix's settlement agreement and allocation in July 2017. (Docket Entry No. 36-25). On July 19, 2017, Hendrix signed the settlement statement and authorized Clark, Love & Hutson, G.P. to send her share of the settlement funds. (Docket Entry No. 36-26).

The following year, as part of the procedures provided for in the court-approved settlement, Hendrix applied for and was awarded additional settlement funds due to the severity of her injuries. (Docket Entry No. 36-28). On August 8, 2018, Hendrix signed another settlement statement

3

authorizing Clark, Love & Hutson, G.P. to distribute her supplemental settlement award. (Docket Entry No. 36-31). The multi-district litigation court dismissed Hendrix's claims against Ethicon with prejudice approximately one month later, in September 2018. (Docket Entry No. 36-33).

In July 2019, Hendrix reached out to Clark, Love & Hutson, G.P. seeking an "explanation and answers to questions . . . regarding [its] representation of [her] interests against Ethicon in [her] transvaginal mesh case." (Docket Entry No. 36-2). In an email to Shelley Hutson of Clark, Love & Hutson, G.P. on July 15, 2019, Hendrix wrote:

> "I contacted your law firm in an effort to take the high road in my dealings with you regarding the poor job handling my Ethicon case and what that has cost me. I didn't contact your firm until I had information in front of me pointing directly to that end. I wouldn't have contacted you were that not the case."

(*Id.* at 5). Hendrix asked for and received a copy of her client file from Hutson. (*Id.* at 1–3). In a follow-up email to Hutson on July 18, 2019, Hendrix wrote:

> I'm becoming more concerned that there are going to be far too many things that will require us to "agree to disagree" to allow for much meaningful conversation. I am also in receipt of my file from your office and have had my head buried for hours. Many of the questions I had before remain, both general procedure and personal case driven, as well as several basic mathematical applications that don't add up. . . . [I]f I continue to believe that my case was mishandled and that I was misled individually or that Clark Love Hutson acted inappropriately and that efforts to continue to do so remain, I will seek further legal advice and engage accordingly in any necessary legal action.

(*Id.* at 1).

More than four years later, on July 31, 2023, Hendrix filed in this court an Application to Proceed in District Court Without Prepaying Fees or Costs, which attached her original complaint. (Case No. 4:23-mc-1301, Docket Entry No. 1). The court granted Hendrix's application to proceed in forma pauperis. (Case No. 4:23-mc-1301, Docket Entry No. 2). Hendrix's complaint was filed as a separate civil action on September 1, 2023. (Docket Entry No. 1).

4

## II.     The Legal Standard for Summary Judgment

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)).  "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).  When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c).  If the movant meets its Rule 56(c) burden, the nonmovant "must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting reference omitted).  "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted).  Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which the evidence supports [its] claim." *Shah v. VHS San Antonio*

*Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted).

The movant is entitled to judgment as a matter of law where "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250–51).

**III.   Analysis**

   **A.   The Motions for Summary Judgment**

The defendants moving for summary judgment argue that Hendrix's claims amount to "nothing more than a legal malpractice claim" that is barred by the two-year statute of limitations. (Docket Entry No. 36 at 20); *see Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120 (Tex. 2001) (applying a two-year statute of limitations to legal malpractice claims) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). Alternatively, the movants argue that Hendrix's breach of contract, breach of fiduciary duty, and fraud claims are time-barred under a four-year statute of limitations. (Docket Entry No. 36 at 22); *see* TEX. CIV. PRAC. & REM. CODE § 16.004(a); *Ammerman v. Ranches of Clear Creek Cmty. Ass'n, Inc.*, 562 S.W.3d 622, 636 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

"Limitations generally begins to run when the cause of action accrues," meaning "when facts have come into existence that authorize a claimant to seek a judicial remedy." *Apex Towing Co.*, 41 S.W.3d at 120. All of Hendrix's claims stem from the defendants' legal representation of her in her case against Ethicon, which was dismissed with prejudice in September 2018. (*See* Docket Entry No. 36-33). Hendrix filed this case more than four-and-a-half years later, on July

31, 2023. (Case No. 4:23-mc-1301, Docket Entry No. 1). According to the general accrual rule, Hendrix's claims are time-barred under both a two-year and a four-year statute of limitations.

Hendrix attempts to avoid this outcome by invoking the discovery rule. (*See* Docket Entry No. 41 at 3–4, 20). "[T]he discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Berry v. Berry*, 646 S.W.3d 516, 524 (Tex. 2022) (quoting reference omitted). In other words, "the statute of limitations does not begin to run until the claimant knew or should have known of facts that in the exercise of reasonable diligence would have led to the discovery of the wrongful act." *Id.* (quoting reference omitted).

Hendrix began expressing concerns about her representation in the transvaginal mesh litigation as early as July 2019. (Docket Entry No. 36-2 at 4). In her email to Hutson on July 15, 2019, Hendrix said that she "didn't contact [Clark, Love & Hutson, G.P.] until [she] had information in front of [her] pointing directly to" the firm's poor handling of her Ethicon case and the costs she had suffered as a result. (*Id.* at 5). She reiterated: "I wouldn't have contacted you were that not the case." (*Id.*). A few days later, Hendrix received her case file from Clark, Love & Hutson, G.P. and "had [her] head buried [in it] for hours." (*Id.* at 1). After conducting that review, Hendrix became "more concerned" and threatened to pursue legal action if she "*continue[d] to believe* that [her] case was mishandled and that [she] was misled individually or that Clark Love Hutson acted inappropriately and that efforts to continue to do so remain." (*Id.* at 1) (emphasis added). These communications demonstrate that Hendrix at least had suspicions about the facts giving rise to her causes of action when she contacted Clark, Love & Hutson, G.P. in early July 2019. The case file that she had received and reviewed by July 18, 2019, provided

additional facts that—according to Hendrix—confirmed her suspicions that legal action was warranted.

Hendrix acknowledges that she "requested a copy of her file from [the defendants] on July 17, 2019," but argues that "it took [her] months to discover the wrongful acts or facts that would give rise to a cause of action." (Docket Entry No. 41 at 19). This statement is not supported by any evidence. To the contrary, it is directly refuted by: (1) Hendrix's email to Hutson on July 15, 2019, stating that she had "information in front of [her] pointing directly to" the firm's poor handling of her Ethicon case; and (2) Hendrix's subsequent email on July 18, 2019, stating that her in-depth review of the case file had deepened her concerns. (*See* Docket Entry No. 36-2). Hendrix's delayed-discovery argument is also directly refuted by a September 2019 email from Hendrix to Hutson stating: "It took some continued urging from family as well as research and discovery [in] late spring and early summer of this year to finally realize that all of my concerns were in fact legitimate." (Docket Entry No. 36-34 at 9). Even if Hendrix discovered additional relevant facts after July 2019, the discovery rule tolls a limitations period only until a plaintiff discovers, or should have discovered, "an injury and its general cause, not the exact cause in fact and the specific parties responsible." *Target Strike, Inc. v. Marston & Marston, Inc.*, 524 F. App'x 939, 945 n.8 (5th Cir. 2013) (quoting *Booker v. Real Homes, Inc.*, 103 S.W.3d 487, 492 (Tex. App.—San Antonio 2003, pet. denied)).

Hendrix also asserts that she "wasn't made aware until separate phone calls with both Special Master Gregory Gowan and Ms. Hutson on August 4, 2019[,] of a specific act that could lead to a cause of action." (Docket Entry No. 41 at 20). However, the only citation provided is to "Exhibit 14," which is a letter from Hendrix dated December 12, 2017. (Docket Entry No. 41-2 at 36–38). Hendrix does not identify—much less provide evidence of—any facts uncovered in

8

August 2019 that she did not discover, or could not reasonably have discovered, in July 2019. Indeed, Hendrix has failed to identify "specific evidence in the record" of *any* relevant fact that she discovered after July 2019. *See Shah*, 985 F.3d at 453.

This court need not address how to classify Hendrix's claims because they are time-barred regardless of whether a two- or four-year statute of limitations applies. It is also unnecessary to determine whether the statute of limitations began to run when the cause of action accrued or when Hendrix discovered the allegedly wrongful conduct. Hendrix's emails from July 15 and 18, 2019, show that she knew of the facts giving rise to her claims at that time, yet she chose to file this lawsuit more than four years later, on July 31, 2023. Even under the discovery rule and the four-year statute of limitations, Hendrix's breach of contract, breach of fiduciary duty, and fraud claims are time-barred.

Because Hendrix's underlying claims are time-barred, her derivative claim for civil conspiracy fails as well. *See Wohlstein v. Aliezer*, 321 S.W.3d 765, 775 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

### B. Hendrix's Claims Against Martin Phipps, PLLC

"[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp.*, 477 U.S. at 326; *see also Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770–71 (5th Cir. 2000) ("[I]t is well-settled that a district court may grant summary judgment *sua sponte*, so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment.") (quotation marks and quoting reference omitted).

Martin Phipps, PLLC is the only defendant that did not file a motion for summary judgment. Hendrix brought the same claims against all defendants, (*see* Docket Entry No. 29),

9

and the moving defendants sought summary judgment on all claims, (*see* Docket Entry Nos. 36, 38, 40). There is no question that Hendrix was on notice that she must come forward with her evidence on all claims. Because Hendrix's claims against the moving defendants are time-barred, the court finds that her claims against Martin Phipps, PLLC should also be dismissed. *See Celotex Corp.*, 477 U.S. at 326.

## IV.  Conclusion

The motions for summary judgment, (Docket Entry Nos. 36, 38, 40), are granted. The court sua sponte grants summary judgment to Martin Phipps, PLLC. The claims against all defendants are dismissed with prejudice.

SIGNED on December 6, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge